IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



| | | |
|---|---|---|
| RODERICK WOULLARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:05-CV-97 |
| | § | |
| THE STATE OF MISSISSIPPI, | § | |
| GOVERNOR HALEY BARBOUR, | § | |
| ERIC CLARK, AMY TUCK, TOMMY | § | |
| REYNOLDS, | § | |
| | § | |
| Defendants. | § | |

ORDER

In March 2002, the Mississippi Legislature adopted a joint resolution promulgating the 2002 redistricting plan for state senate districts for elections beginning in 2003. The Department of Justice precleared the plan in June 2002.

In March 2003, plaintiff Roderick Woullard filed an action seeking declaratory and injunctive relief, asserting an Equal Protection claim based on racial gerrymandering.[1] The complaint alleged that Senate District 45 was drawn with the intentional race-based goal of minimizing the number of minority voters in the district.

The defendants moved for summary judgment, contending, <u>inter alia</u>, that plaintiff Woullard lacks standing because he does not reside in current District 45 and has presented no evidence that he

---

[1] This court granted the motion of plaintiffs to dismiss the claims of the other plaintiff, Craig Ducksworth, based on his concession that he lacked standing after he moved from the challenged district to a portion of another district that was not affected by the 2002 redistricting.

was moved from former District 45 to current District 41 because of his race, and that the plaintiffs failed to demonstrate the existence of a genuine issue of material fact with respect to whether the State subordinated traditional redistricting principles to racial considerations when drawing the boundaries of current District 45. By order entered September 2, 2005, this court denied the defendants' motion for summary judgment, except as to the issue of the standing of plaintiff Roderick Woullard, which issue was carried with the case. The court has now considered the motion for summary judgment on the question of plaintiff Woullard's standing, and the motion is DENIED, for the following reasons.

Woullard was moved out of the old District 45 into the current District 41 as a result of the 2002 redistricting. In United States v. Hays, the Supreme Court held that a person who does not live in the district that is the primary focus of his racial gerrymandering claim lacks standing unless he "otherwise demonstrate[s] that [he], personally, ha[s] been subjected to a racial classification." 515 U.S. 737, 739 (1995). The Court stated that "[t]he rule against generalized grievances applies with as much force in the equal protection context as in any other." Id. at 743. Accordingly, in order to have standing, plaintiff Woullard must have been "personally denied equal treatment by the challenged discriminatory conduct." Id. (internal quotation marks and citations omitted). The Court recognized that "[d]emonstrating the individualized harm our standing doctrine requires may not be

2

easy in the racial gerrymandering context, as it will frequently be difficult to discern why a particular citizen was put in one district or another." Id. at 744. Nevertheless, the Court concluded that the rule against generalized grievances requires more of a plaintiff who resides outside of an allegedly racially gerrymandered district:

> Where a plaintiff resides in a racially gerrymandered district, ... the plaintiff has been denied equal treatment because of the legislature's reliance on racial criteria, and therefore has standing to challenge the legislature's action. Voters in such districts may suffer the special representational harms racial classifications can cause in the voting context. On the other hand, where a plaintiff does not live in such a district, he or she does not suffer those special harms, and any inference that the plaintiff has personally been subjected to a racial classification would not be justified absent specific evidence tending to support that inference. Unless such evidence is present, that plaintiff would be asserting only a generalized grievance against governmental conduct of which he or she does not approve.

Id. at 744-45 (citation omitted).

The Court suggested, however, that one who does not presently reside in the challenged district, but who was excluded from the challenged district on account of race, is not necessarily precluded from asserting standing:

> [A]ppellees' argument that "they *do* have a right not to be placed into or excluded from a district because of the color of their skin," Brief for Appellees 16, cannot help them, because they have not established that *they*

3

> have suffered such treatment in this litigation.

Id. at 747.

Woullard argues that he has standing under United States v. Hays to assert a violation of his rights under the Equal Protection Clause of the Fourteenth Amendment. There is some evidence that the race of the voters of District 45, which included Woullard, was impermissibly considered when redrawing the lines of the district and, consequently, some evidence that Woullard suffered the personalized harm of being classified according to race and the further personalized harm of being excluded from District 45 and moved to a new district on that basis. Stating the allegation differently, the argument is that if he had been a white voter, he would not have been moved to a different district. There is evidence to the contrary as well. The factual support for and against his claim is therefore contested. Such factual issues prevent a grant of summary judgment.

To be sure, in our previous order denying summary judgment on the merits of the racial gerrymandering claim, we concluded that there are genuine issues of material fact as to whether the State subordinated traditional redistricting principles to racial considerations when drawing the boundaries of current District 45. We therefore find that the issue of standing is entangled with the merits of the underlying claim and that the standing issue must be tried with the case.

4

IT IS, THEREFORE, ORDERED that the defendants' motion for summary judgment as to plaintiff Woullard's standing is DENIED.

SO ORDERED this **30** day of March, 2006.

_____
E. GRADY JOLLY
United States Circuit Judge

_____
HENRY T. WINGATE
Chief United States District Judge

_____
DAVID BRAMLETTE
United States District Judge

Civil Action No. 3:05-cv-97